Eugene T. Franklin [SBN: 124881]
Barbara F. Green [SBN: 150320]
Franklin Employment Law Group, LLC
Attorneys at Law
22762 Main Street
Hayward, California 94541
(510) 538-0969

Attorneys for Plaintiff
George Marquez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

George Marquez,

    Plaintiff,

v.

California Department of Transportation and Does 1-50, inclusive,

    Defendants.

Case No.: _____

**COMPLAINT FOR DAMAGES BASED ON VIOLATION OF FAMILY MEDICAL LEAVE ACT AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**JURY DEMAND**

Plaintiff George Marquez (hereinafter "Plaintiff" or "plaintiff Marquez") demands that this matter be tried by a jury.

Plaintiff complains and alleges as follows:

**NATURE OF THIS ACTION**

1. This is an action for relief from violations of Plaintiff Marquez's civil rights in employment. These violations include: wrongful interference with and restraint of plaintiff's rights under the Family Medical Leave Act ("FMLA") (29 USC § 2601, et seq.), and wrongful termination in violation of California public policy. As alleged below, Defendant California Department of Transportation (CalTrans) subjected plaintiff Marquez to unlawful discrimination by denying him FMLA leave, interfering with his right to FMLA leave and constructively (wrongfully) terminating his employment. Plaintiff seeks declaratory and injunctive relief, monetary relief, and damages (including compensatory damages), plus an award of costs and attorneys' fees.

-1-

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 USC §§ 1330, 1331, 1332, and 1367, and 29 USC § 2617(a) and 29 CFR § 825.400(a). The employment practices alleged to be unlawful were and are now being committed within the State of California, Oakland, Alameda County, California, within the jurisdiction of the United States District Court for the Northern District of California.

3. This Court has supplemental jurisdiction of plaintiff's California common law claim for wrongful job termination pursuant to USC § 1367(a).

## PARTIES

4. Plaintiff Marquez is, and at all times mentioned in this complaint was, a resident of Alameda County, California.

5. At all times relevant, plaintiff was an employee of defendant CalTrans with more than one year of service and had worked at least 1250 hours in the year prior to his need to take family medical leave under FMLA.

6. At all times relevant, defendant CalTrans has been a governmental entity organized and existing under the laws of the State of California and has been doing business in Oakland, Alameda County, California.

7. At all times relevant, defendant CalTrans has been an employer within the meaning of FMLA in that defendant has employed 50 or more persons within 75 miles of plaintiff Marquez's workplace.

8. Plaintiff Marquez does not know the true names of defendants DOES 1 through 50, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes and based thereon alleges that DOE defendants are California residents. Plaintiff will ask leave of the court to amend this complaint to reflect the DOE defendants' true names and capacities when they have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of these fictitiously named defendants is responsible in some manner for the events and injuries herein described, and that each said defendant has caused damages thereby to plaintiff as herein alleged. All references hereunder to any defendant in the singular or plural are intended to include all of the above fictitiously named defendants.

9. Unless otherwise alleged in this complaint, plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this complaint, defendants, and each of them, were the agents and/or employees of each other and were acting within the course and scope of that agency and/or employment.

10. At all times relevant to this complaint, plaintiff is informed and believes, and based thereon alleges, that in committing the acts herein alleged, his managers and supervisors were the agents and employees of defendant CalTrans and were acting within the course and scope of that agency and/or employment.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff Marquez is not required to exhausted any administrative remedies prior to bring this action [29 USC § 2617(a) and 29 CFR § 825.400(a)]. In addition, plaintiff has timely filed his lawsuit for FMLA violations, including but not limited to willful violations. [29 USC § 2617(c)(1) & (2); 29CFR § 825.400(b)}

**FACTS COMMON TO ALL CAUSES OF ACTION**

12. On or about November 18, 2008, defendant CalTrans hired plaintiff Marquez to work as a "Transportation Engineer." Plaintiff had injured his back about six times over the years, each time he needed to take time off work for medical treatment for his serious medical condition. In or about March 2013, plaintiff informed his supervisor that he was experiencing frequent extreme pain in his back and leg. Plaintiff told his supervisor that he was being treated at Kaiser Permanent Hospital in Oakland, California.

13. On or about March 26, 2013, plaintiff informed his direct supervisor that his treating physician(s) recommended that he take intermittent family medical leave about one-two days a month when he experienced the extreme pain in his lower back which his treating physician(s) believed was caused by a sciatica medical condition.

14. Further, plaintiff also informed his supervisor that one-to-two days a month he might need intermittent medical leave to deal with the pain in his back and left leg. Plaintiff further told his supervisor that his treating physician(s) had prescribed pain medication and muscle relaxers which made his groggy so that he could not do his work and remain pain

free. Further, plaintiff informed his supervisor that he could not sit for extended periods of time without extreme sciatica pain. Defendant denied plaintiff's request for FMLA leave.

15. In addition, during March 2013, plaintiff was suffering with two other undiagnosed medical conditions in his wrists and his shoulders, which were also causing him extreme pain. Plaintiff again requested a leave of absence; alternatively, plaintiff asked to have his hours reduced so that he could try some other treatments to get the pain under control. Defendant denied all of plaintiff's requests. Subsequently, plaintiff was diagnosed with tendinitis in his wrist and bursitis in his shoulder.

16. In or about April 2013, defendant increased plaintiff's workload, i.e., defendant required plaintiff to be on the road constantly to oversee road repairs. Plaintiff's extreme pain did not allow him to meet his job without requirements. On April 12, 2013, defendant informed plaintiff that it considered him to have resigned his employment. Therefore, on April 12, 2013, defendant CalTrans (constructively) wrongfully terminated plaintiff's employment in violation of public policy.

17. At all times mentioned herein, plaintiff has been willing and able to perform the his duties as a transportation engineer. The conduct of defendant CalTrans as described above was at all times was willful and intentional. Defendant's conduct was at all times intended to deprive plaintiff of his employment rights and was carried out with a willful and conscious disregard of plaintiff's employment rights. As a direct and proximate result of defendant CalTrans' conduct plaintiff has sustained damages including but not limited to back pay, front pay, loss of employment benefits, and emotional distress and continues to do so.

18. Plaintiff is informed and believes and based thereon alleges that each of the DOE defendants is responsible in some manner for the events and injuries herein described, and that each said defendant has caused damages thereby to plaintiff as herein alleged.

### FIRST CAUSE OF ACTION
### [FMLA Discrimination]

19. Plaintiff hereby incorporates by reference the above paragraphs of this complaint as though fully set forth herein.

-4-

20. Defendant engaged in the above-described actions with the intent of harassing and discriminating against plaintiff on account of his need for FMLA leave to care for his own serious medical condition. Defendants' conduct was in violation of the 29 USC § 2601, et seq. Defendants' conduct and polices amounted to disparate treatment and had a disparate impact upon plaintiff.

21. Defendant's conduct was extreme and outrageous and done with reckless disregard of the consequences to plaintiff.

22. As a direct, foreseeable, and proximate result of defendant's discriminatory acts plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress in an amount in excess of the minimum jurisdiction of this court, the precise amount of which will be proven at trial.

## SECOND CAUSE OF ACTION
### (Interference With FMLA Leave)

23. Plaintiff hereby incorporates by reference the above paragraphs of this complaint as though fully set forth herein.

24. At all times herein mentioned, 29 USC § 2615(a)(1); 29 CFR § 825.220(a)(1) were in full force and effect and were binding upon defendant. These statutes required defendant to refrain from interfering with an employee who is qualified and seeks to take family medical leave pursuant to FMLA.

25. Moreover, defendant CalTrans interfered with plaintiff's need to take family medical leave to care for his own serious medical condition. Defendant's action in this regard violated the FMLA.

## THIRD CAUSE OF ACTION
### [Wrongful Termination in Violation of Public Policy]

26  Plaintiff hereby incorporates by reference the above paragraphs of this complaint as though fully set forth herein.

27. Plaintiff alleges that the termination of his employment and/or, alternatively, the constructive termination of his employment was in retaliation for his need to take family

medical leave in order to care for his own serious health condition, in violation of the public policy.

28. Plaintiff further alleges that defendant CalTrans' termination of plaintiff's employment was in violation of the public policy as expressed in 29 USC § 2601, et seq., including, but not limited to, 29 USC § 2615(a)(1); 29 CFR § 825.220(a)(1).

29. As a direct, foreseeable, and proximate result of defendant's wrongful termination of plaintiff Marquez in violation of public policy, he has lost and will continue to lose his salary, employment benefits, and other compensation in an amount to be proven at trial. In addition, plaintiff Marquez suffered and continues to suffer emotional pain, suffering, and mental anguish as the result of the wrongful termination of his employment in an amount to be proven at trial.

## INJUNCTIVE RELIEF ALLEGATIONS

30. Plaintiff hereby incorporates by reference the above paragraphs of this complaint as though fully set forth herein.

31. No previous application for the injunctive relief sought herein has been made to this Court.

32. If this Court does not grant the injunctive relief sought herein, plaintiff will be irreparably harmed.

33. No plain, adequate, or complete remedy at law is available to plaintiff to redress the wrongs addressed herein.

## RELIEF REQUESTED

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

(a) For general damages for violating the FMLA and wrongful termination in violation of public policy according to proof at trial;

(b) For compensatory damages according to proof, including lost earnings and other employee benefits, and damages for emotional distress (for wrongful termination), humiliation and mental anguish;

///

-6-

COMPLAINT FOR DAMAGES BASED ON VIOLATION OF FAMILY MEDICAL LEAVE ACT AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(c) For interest in accordance with Civil Code § 3287, et seq., including prejudgment interest, at the legal rate;

(d) For an order directing defendant CalTrans to reinstate plaintiff to his position, with all back pay and employee benefits;

(e) Order defendant CalTrans to pay plaintiff for the back pay, salary, employment benefits, and other compensation denied or lost by reason of defendant's violations in an amount to be proven at trial;

(f) Order defendant CalTrans to pay plaintiff front pay, in an amount to be proven at trial; and

(g) For such other and further relief as the court deems proper.

WHEREFORE, Plaintiff prays as incident to any judgment obtained against Defendants:

For reasonable attorneys' fees, costs and expert witness fees pursuant to FMLA 29 USC § 2617(a)(3), 29 CFR § 825.400(c).

Dated: April 7, 2015   FRANKLIN EMPLOYMENT LAW GROUP, LLC

By: _____
EUGENE T. FRANKLIN
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES BASED ON VIOLATION OF FAMILY MEDICAL LEAVE ACT AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY